UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY ELISHA SIMMONS,<br>　　　　Plaintiff,<br>　　v.<br>CAROLYN W. COLVIN,<br>　　　　Defendant. | Case No.16-cv-01531-JD<br><br>**ORDER RE SUMMARY JUDGMENT**<br>Re: Dkt. No. 21 |

Plaintiff Simmons challenges a decision by an administrative law judge ("ALJ") at the Social Security Administration ("SSA") denying his application for supplemental security income based on physical and mental disabilities. The parties have filed cross-motions for summary judgment. Dkt. Nos. 21, 26. Plaintiff's motion is granted in part to remand the case to the SSA for further proceedings consistent with this order. Defendant's motion is denied.

The administrative record in this case raises two serious concerns that require further consideration by the SSA. One of the concerns involves Dr. Frank Chen, who conducted a consultative examination of Simmons. The ALJ relied on and gave weight to Dr. Chen's opinions in finding against disability. *See, e.g.*, AR 19, 21. But the California Department of Social Services removed Dr. Chen from doing consultative exams due to poor quality of work, unprofessional conduct with patients, and other serious faults. AR 292. Dr. Chen was disqualified in December 2013, a fact that Simmons brought to the ALJ's attention in an October 2014 letter with a request that the ALJ should not give weight to Dr. Chen's report. AR 290.

The ALJ filed his decision one month after Simmons's letter. AR 24. Surprisingly, the ALJ made no mention whatsoever of Dr. Chen's disqualification. To the contrary, he largely embraced Dr. Chen's report along the way to denying Simmons's application. That is an inherently unsound approach to adjudicating disputed disability issues. While it may be that some

good reason exists for taking into account the opinions of a disqualified doctor, the ALJ at a minimum should articulate those reasons and provide a clear indication of why they should be deemed acceptable and given any weight at all. *See* 20 C.F.R. § 404.1527(f). That did not happen here. Because the ALJ's decision expressly relied upon Dr. Chen's work, the error is not harmless and the evidence needs to be reconsidered in light of these concerns. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The second problem involves the neglect of a prior SSA determination that was favorable to Simmons. In 2010, another ALJ found that Simmons was disabled as of October 2008, and entered a decision "fully favorable to the claimant." AR 80. The 2014 decision at issue here glosses over this potentially significant finding. It makes a single passing reference to the 2010 decision with no discussion whatsoever of its import or effect on Simmons's current application. AR 14. It is again possible that there are good reasons for ignoring the substance of the 2010 decision, but the ALJ should have stated them and not proceeded in 2014 as if the prior favorable decision had never happened. At a minimum, the Court would expect the ALJ to say why the 2010 analysis of Simmons's condition was not a relevant data point or persuasive. Even if the periods of disability might be different in the 2010 and 2014 applications, Simmons's physical and mental-health claims appear to have been consistent over time, and the ALJ should have said why he departed from the 2010 decision.

Consequently, the case is remanded for further proceedings consistent with this order.

**IT IS SO ORDERED.**

Dated: July 2, 2018

JAMES DONATO
United States District Judge